CLERK'S OFFICE U.S. DIST. COURT
AT BIG STONE GAP, VA
FILED

NOV 17 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH EDWARD BARBOUR,<br>Plaintiff, | ) ) ) | Civil Action No. 7:11-cv-00539 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| ALL JUDICIAL FUNCTION PERSONS<br>OF POST OFFICE BOX 8537 TO THE<br>UNITED STATES DISTRICT COURTS<br>UNDER MISSOULA, MONTANA<br>FEDERAL AUTHORITY, et al.,<br>Defendants. | ) ) ) ) ) ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Kenneth Barbour, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff did not submit payment for the $350 filing fee with his complaint but filed financial documents in support of a request to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915. Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See, e.g., Barbour v. Virginia Dept. of Corr., et al., 7:09-cv-00091 (W.D. Va. Apr. 8, 2009); Barbour v. Stanford, et al., 7:09-cv-00077 (W.D. Va. Apr. 7, 2009); Barbour v. Virginia Dept. of Corr., 7:09-cv-00083 (W.D. Va. Apr. 6, 2009).

In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the court previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. See, e.g., Barbour v. Keeffee Commissaries at VDOC's, No.7:09-cv-00154 (W.D. Va. May 12, 2009). After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury

within the meaning of 28 U.S.C. § 1915(g). Based on the foregoing and the complaint, the court finds that plaintiff fails to demonstrate any imminent danger of serious physical harm in the complaint and plaintiff has not paid the $350.00 filing fee despite being previously advised of having three strikes. Accordingly, the court denies plaintiff's implied motion to proceed <u>in forma pauperis</u> and dismisses the complaint without prejudice for failure to pay the filing fee at the time of filing the complaint. <u>See</u>, <u>e.g.</u>, <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when <u>in forma pauperis</u> provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed <u>in forma pauperis</u>). Moreover, the court certifies that an appeal of this order would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This _17th_ day of November, 2011.

*James C. Turk*
Senior United States District Judge